IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DONALD HENDERSON SCOTT and CAROLYN YVONNE SCOTT, ) ) | | |
| Plaintiffs/Appellants, ) ) | | |
| v. ) ) | No. 4:19-cv-00308-DGK | |
| U.S. BANK NATIONAL ASSOCIATION ) TRUSTEE FOR BAYVIEW FINANCIAL ) MORTGAGE PASS-THROUGH ) CERTIFICATES, SERIES 2005, et al., ) ) | Bk. Case No. 18-42696 Adversary Proceeding No. 19-04006 | |
| Defendants/Appellees. ) | | |

## ORDER DENYING APPEAL FROM BANKRUPTCY COURT

This bankruptcy appeal arises from a state-court foreclosure. Pro se appellants Donald H. Scott and Carolyn Y. Scott sought to avoid the imminent loss of their home by filing suit in the Circuit Court of Clay County, Missouri. They notably did not seek shelter under an automatic bankruptcy stay. After several adverse rulings, they commenced a bankruptcy proceeding and removed the state-court action to the bankruptcy court. They did not consent to the bankruptcy court entering a final judgment on the removed claims and demanded a jury trial. The bankruptcy court permissively abstained from hearing the adversary proceeding and remanded the state-law causes of action.

Now before the Court is Appellants' appeal (Doc. 4) of the bankruptcy court's order. They contend that abstention deprives them of their right to a jury trial under the Seventh Amendment.[1] The order is AFFIRMED, however, because the bankruptcy court has broad discretion to abstain

---

[1] Appellants state that "[i]t is in the public interest that jury trials under the Seventh Amendment of the Constitution remain inviolate at the federal level." Although it not clear from Appellants' briefing—a two-page collection of bullet points—they appear to argue that the Seventh Amendment grants them an absolute right to a jury trial in federal court.

from hearing state-law claims and because the Seventh Amendment does not guarantee a federal jury trial absent an independent basis for jurisdiction.

**Background**

Facing foreclosure, Appellants sued Appellee Corinthian Mortgage in state court. They alleged that the company forged a modified deed of trust, which nullified the original deed. Appellants' home was sold to Appellee Mila Homes, LLC, and Appellants amended their complaint to assert a claim of wrongful foreclosure. Appellants sought an order declaring that they own their former residence; declaring that they owe nothing under the original deed; voiding the trustee sale, note, and deed of trust; and awarding them $539,073.52—the principal and interest they allegedly paid on the loan.

Appellants filed a chapter 13 bankruptcy petition and, as the state court prepared to rule on dispositive motions, removed their state-law claims to the bankruptcy court, where they demanded a jury trial. The bankruptcy court decided that even though it could exercise its "non-core" jurisdiction over the removed claims, it should abstain under 28 U.S.C. § 1334(c)(1). The bankruptcy court remanded the adversary proceeding to state court, and Appellants appealed.

**Standard**

A district court acts as an appellate court with respect to bankruptcy orders. *In re Falcon Prods., Inc.*, 497 F.3d 838, 841 (8th Cir. 2007). It reviews the bankruptcy court's "legal determinations *de novo* and findings of fact for clear error." *Id.* (quoting *In re Fairfield Pagosa, Inc.*, 97 F.3d 247, 252 (8th Cir. 1996)). Issues committed to the bankruptcy court's discretion are reviewed for "an abuse of that discretion." *In re Farmland Indus., Inc.*, 397 F.3d 647, 650 (8th Cir. 2005) (citation omitted). "The bankruptcy court abuses its discretion when it fails to apply

the proper legal standard or bases its order on findings of fact that are clearly erroneous." *Id.* at 651 (citation omitted).

## Discussion

Appellants argue that the bankruptcy court erred in abstaining. They claim doing so denied them their right to a jury trial under the Seventh Amendment. This argument lacks merit. 28 U.S.C. § 1334(c)(1) accords bankruptcy courts broad discretion to refrain from hearing proceedings in the interests of justice or comity with state courts. *See Greenpond S., LLC v. Gen. Elec. Capital Corp.*, No. 14-cv-1214 (SRN/TNL), 2015 WL 225227, at *5 (D. Minn. Jan. 16, 2015). The right to a jury is just one factor courts consider when deciding whether to abstain, *see In re Foss*, 328 B.R. 780, 783-84 (B.A.P. 8th Cir. 2005), and here the bankruptcy court properly found that it weighs in favor of remand. *See In re Loewen Grp. Int'l, Inc.*, 344 B.R. 727, 731 (Bankr. D. Del. 2006) ("Where such right exists, whether waived or not, it is indicative that, in the absence of federal issues which give a right to a jury trial, a state law claim lies at the heart of the action." (internal quotations and citation omitted)). Moreover, although the Seventh Amendment does generally confer a right to a jury trial, it does not itself grant Appellants the right to litigate in federal court. *See Nalls v. Countrywide Home Servs., LLC*, 279 Fed. Appx. 824, 825 (11th Cir. 2008).

The Court has reviewed the rest of the bankruptcy court's order and finds it well reasoned. The bankruptcy court correctly concluded that the clear majority of *Foss* factors favor abstention. The Court agrees, for example, that remand would more efficiently resolve the removed claims, given Appellants' demand for a jury trial and their lack of consent to the bankruptcy court's authority. In addition, the removed claims present predominately state-law issues, and hearing them would unnecessarily burden the dockets of both the bankruptcy and district courts. Also

significant is that 28 U.S.C. § 1334 serves as the only basis for federal jurisdiction over the claims. Thus, even if Appellants' demand for a jury trial did not support abstention, the bankruptcy court would still be well within its bounds to remand the proceeding.

## Conclusion

The bankruptcy court did not abuse its discretion. The order abstaining from and remanding Appellants' adversary proceedings to the Circuit Court of Clay County, Missouri, is therefore AFFIRMED.[2]

**IT IS SO ORDERED.**

Date: <u>May 14, 2019</u>  /s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

---

[2] In light of this result, Appellants' other motions are DENIED AS MOOT. These include a motion to stay (Doc. 2) and three motions to remove Appellees (Docs. 8, 9, and 10).